*642 FOURNET, Chief Justice
(dissenting).
H. P. Mirandona and Robert J. Chauvin who, in transferring to Henry J. Montagnet the mineral lease of May 19, 1936, executed by D. V. Doussan Oil and Planting Co. to Allan B. Crowder and acquired by them through mesne conveyance, specially excepted and reserved “unto themselves Jieth part of %ths of all the oil, gas and other minerals on the land described” in the lease, which interest “excepted and reserved by assignors * * * shall apply and be a part of all future renewals, extensions and new leases made by assignee on the lands covered by the herein described lease * *. * for a period of one year from the date of the expiration of said lease,” instituted this suit (joined by Mary Jane Berman and P. & J. Realty Company, also claiming an interest) against Joe W. Brown — who, it is alleged, is producing oil and gas under a lease acquired by him on the identical premises within a year of the date of cancellation of the lease to Crowder by judgment of court in the lessor’s suit for cancellation, even though Brown had been one of the assignees under that lease — seeking judgment (1) to have themselves recognized “as the owners of the seven-eighths of the lease entered into between D. V. Doussan Oil and Planting Co. of Lafourche, Inc. and Allan B. Crowder, May 19, 1936, and for an accounting of all oil, gas, * * * produced therefrom from June 26, 1944,” or, in the alternative, (2) that “petitioners be recognized as the owners of a one-sixteenth undivided interest in the said lease; for an accounting,” etc. By supplemental petition filed more than a year later they amended to seek either specific performance of “the reassignment of the Va working interest” and % of the oil, gas, etc., produced from the second lease, or, in the alternative, recognition of their ownership of Vis of % of all oil produced under the second lease; and on the same day one James F. Turnbull intervened.
The defendant Brown, in answer to the suit and in argument before this Court on the appeal taken by the plaintiffs from the judgment dismissing their suit, contends that the judgment cancelling the first lease also cancelled all subsequent transfers and assignments thereof, including the interests here in contest, and that it is res judicata with respect to this proceeding; moreover, that prior to judgment in that suit, at a meeting held for the purpose of discussing a course of action, he endeavored on his own behalf and on behalf of the Mabro Oil Corporation (his transferee) to maintain the lease as originally granted, telling them that he himself was interested in the lease but that it could not be properly operated with all the outstanding interests; however, that they could come to no agreement, and despite the fact of their knowledge that he wished to obtain a lease they allowed him to negotiate the lease without making it known that they were still claiming an interest in it; *644 further, Mirandona and .Chauvin executed the document of September 20, 1948, expressly releasing any rights they had in and under the lease granted to Crowder, and having waived all their rights they axe now estopped from making further claim.
I am of the opinion that whatever rights plaintiffs had under the Crowder lease by virtue of the reservations made by them in assigning the lease to Montagnet were voided, under the clear and unmistakable language of the judgment of the court, which ordered a cancellation,' annulment, and forfeiture of the lease, and of all subsequent transfers and assignments of said lease, “to begin with the assignment and transfer by Allan B. Crowder to Henry P. Mirandona and Robert J. Chauvin, embrace and include all subsequent or intermediate transfers by the said Miratidona and Chauvin and/or their assigns, and end with the assignment by Joe W. Brown to Mabro Oil Company, as said transfers and assignments may appear of record in the Conveyance Office of the Parish of Lafourche.” (Emphasis mine.) The Clerk of Court was specifically ordered to cancel from the records not only inscription of the basic oil and gas lease, “but also all other inscriptions or transfers and assignments of said lease * * *,” and among the 37 particular inscriptions ordered can-celled is listed the one under- controversy here. ■
The fallacy of the -majority view, based on the conclusion that the annulment and cancellation of the assignment made by Mirandona and Chauvin is limited to the obligation due the landowner because of the inclusion in the judgment of the clause “insofar and only to the extent that said inscriptions may bear against, affect or encumber the title to plaintiff’s heretofore described property”, is at once evidence when that judgment is viewed in the light of the disclosures in the record, which reveal that the assignment from Mirandona- and Chauvin to Montagnet (where the reservation was originally made) included not only the Doussan Lease but some 20 other leases in which the Doussan Company had no interest whatsoever, affecting tracts of land owned by others (Rene J. LeBlanc, Charles J. Plaisance, Camille C. Barrios, Alcee Arcenaux Estate, Mrs. Lu-. cille Arcenaux, Mrs. E. Arcenaux, Mrs. Elie Ducos, Estate of Anatole Plaisance,. Mrs. Eugene Plaisance, Albert P. Falgout, Sylvest Trosclare, Luke Guidroz, Charles-B. LeBlanc, Oscar Chaisson, Surville Chaisson, Elson Orgeron, Emile E. Le-Blanc, Maude LeBlanc, and Camille C. Barrios); consequently, when the Court rendered its judgment ordering the cancellation of the basic lease, it decreed the nullity and ordered the cancellation of all subsequent and intermediate transfers by Mirandona and Chauvin and their assigns only insofar as the inscriptions thereof bore against the property of Doussan; of *646 necessity it could not order the Clerk to cancel the inscriptions insofar as they affected the other leases transferred by Chauvin and Mirandona in that instrument. Doussan had no interest, and the Court had no right, to go farther.
A review of the proceeding to cancel the lease, in which the plaintiffs here, Mirandona and Chauvin, were parties defendant, styled D. V. Doussan Oil & Planting Company of Lafourche, Inc. v. The Mabro Oil Co., Inc., et al., discloses that the landowner, whose property had been encumbered with a lease dating from May, 1936, wished to clear his land of the many overriding interests with which the lease had become burdened by their acts in transferring same — he having been apprised by Mabro Oil Co. that no further drilling operations would be undertaken, that the large outlay and risks involved were too great when measured against the existing outstanding override of considerably more than 25% of the whole. According to the allegations of the petition, certain wells which had been originally productive in a small sense soon became depleted and were no longer capable of producing in a commercial sense; revenues had dwindled to the vanishing point; and no renewal rentals had been paid for the past two years, so that the lease had long since terminated under its own terms; however, in an effort to revitalize the lease, a letter had been written to the interested parties (including the plaintiffs here, Mirandona and Chauvin), making these facts known and seeking an adjustment satisfactory to the party who was attempting to carry out the drilling operations; failing to receive a response, the parties were advised that they would be given ten days from date to voluntarily execute a release; and failing in that attempt the landowner, being interested in ridding his property of the burdens placed on the lease as a result of the various assignments by them, in order to secure proper development of the land by granting a lease free of these encumbrances, instituted suit.
It seems to me that if the plaintiffs here had been interested in the development of the Crowder lease, when they were informed through the lessor that the defendant Brown and Mabro Oil Company were no longer willing to carry out the obligation to drill and the lease was about to be-forfeited — in fact, had already lapsed — the steps proposed by the lessor would not have been ignored by them, but, instead, would have been accorded some consideration. It is obvious to me that they were not interested in paying the delay rentals or expending the large sums of money necessary for the proper development of this property under the lease, for in the instrument whereby the plaintiffs reserved to themselves the so-called Yi6th interest there is contained the additional proviso: “Assignee shall not release or relinquish any of said leases to the original lessor;” and “should assignee desire not to pay rentals on any *648 of the leases * * * he shall, twenty full calendar days before the rental due date * * * release or reassign said lease or leases to the assignors * * Yet, at the meeting in Miss Ashmore’s office, when plaintiffs were apprised of the fact that Brown and Mabro Oil Company were dissatisfied with the continued operation of the lease under the burdens imposed by the plaintiffs here, the latter neither expressed a desire for a continuance of the lease nor requested that it be surrendered to them. Nor did they, when the suit was filed for cancellation of the lease by Doussan Company, suggest that such interest as they had under their assignment be reserved to them. On the contrary, they appeared in court through counsel, declaring:
“This matter having been settled by compromise between the plaintiff and defendants, Mirandona and Chauvin, it is agreed by counsel of record for said parties that the following stipulations be entered and made part of the record in this case:
“1st. That a judgment be entered, ordering the cancellation of the lease granted to Allan B. Crowder on May 19, 1936, covering two thousand acres of land owned by the plaintiff in the Parish of Lafourche, a detailed description of which acreage is contained in the original lease, which has been referred to and made part of plaintiff’s, petition in the present suit, and said cancellation .of the lease shall carry with it the cancellation of the assignment referred to in plaintiff’s petition from Crowder to Mirandona. This cancellation is made subj ect to the condition precedent that final judgment will be rendered against all defendants ordering the cancellation of the primary lease and other various assignments, and that the failure to render a judgment of cancellation against the defendants, Mabro Oil Co., Mohawk Corporation^ Inc., and Jos. W. Brown, shall render this stipulation null and void.
“2nd. That Plaintiff, through counsel waives and abandons any and all claim or claims which it has or may have against said defendants, Henry B. Mirandona and Robert J. Chauvin, whether for back rents, current rents, or future rents, or whether for damages or attorney’s fees, or any claim whatsoever.
“3rd. That said judgment of cancellation shall cover all acreage, except the twenty five acres which surround what is now known as ‘Doussan Well No. 3/ and which is presently producing some small amount of oil and gas.” (Emphasis mine.)
Consequently, the Court, acting pursuant to this stipulation, rendered the judgment hereinabove referred to annulling and cancelling the basic lease and all subsequent transfers and assignments thereof in their entirety, and ordering the Clerk to cancel *650 inscriptions from the record, excepting the 25 acres surrounding the Doussan Well No. 3; so that Brown was not only lulled into the belief, but was fully justified in believing, that the plaintiffs were no longer interested in the lease and that the property had been cleared of all outstanding claims. Acting on this belief, he secured the lease of June 26, 1944, for a consideration of $12,750, and spent some $750,000 in developing the lease.
But if there is any doubt that the Court’s judgment of cancellation had the effect of completely wiping out whatever interest the plaintiffs had by virtue of the reservation made by them in transferring their interest in the original lease to Montagnet, I believe that their asserted claims must be acknowledged to be totally worthless when examined in the light of the document executed by the plaintiffs Mirandona and Chauvin on September 20, 1948 (as well as an instrument of similar import executed by Turn-bull on August 22, 1948), wherein they granted to the original lessor a full release and quitclaim of their rights in and to the Doussan Well No. 3 and the 25 acres surrounding same, and also of any and all rights which they had or may have in and under the lease.
The majority view, in holding that this instrument was merely intended to quitclaim their rights in and to the 25 acres surrounding the Doussan Well No. 3, reserved to them in the judgment cancelling the lease, evidently overlooked the fact that the instrument in question contained two distinct stipulations, the first, quitclaiming the interest reserved to them in the judgment, covering the 25 acres surrounding the well, and the second, a clause declaring: “And the said appearers do further give and grant unto the said D. V. Doussan Oil & Planting Company of Lafourche, Inc., a * * * quitclaim of any and all rights •which they have or may have in and under a certain oil and gas lease granted unto Allan B. Crowder by the said D. V. Doussan Oil & Planting Company of Lafourche, Inc., on May 19, 1936, the same being registered * * etc. (Emphasis mine.) So, clearly, if they ever had any interest following the cancellation of that lease by judgment of court, it was quitclaimed and transferred to Doussan, Brown’s lessor, and plaintiffs are therefore without further interest in the premises.
The plaintiffs, by their own action in proceeding against the defendant Brown in this suit, clearly demonstrated that they had very little faith in their claim unless it were to secure a gratuity through compromise,, for despite the instrument just above re-, ferred to, which clearly divested them of any possible interest in the so-called Crowder lease, yet their main demand is based on that instrument; and it is only in the alternative, to add to their chance of getting something, that they included their claim to the Jioth overriding royalty under an instrument which they had already quitclaimed to the landowner.